**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATIE L. CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: |
| | ) | |
| V. | ) | Judge: |
| | ) | |
| NORTHEAST ILLINOIS REGIONAL | ) | Trial by Jury Demanded |
| COMMUTER RAILROAD, d/b/a ,METRA | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

## JURISDICTION AND VENUE

1. This is a claim for relief under the Civil Rights Act of 1964, 42 U.S.C.A. § 2000(e) et seq., Federal Question Jurisdiction is invoked under 28 U.S.C. 1343(4).

2. The conduct complained of occurred within this Judicial District. Defendant is an employer within the meaning of the Act.

## ADMINISTRATIVE PROCEDURES

3. On April 21, 2026, Plaintiff filed a charge of employment discrimination and violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000 (e) et seq, and the Americans With Disabilities Act of 1990, 42 U.S.C. Section 12101, *et seq* (1990), Charge Number 440-2025-09986. A right-to-sue letter was issued from the Equal Employment Opportunity Commission on May 13, 2026 on grounds that it was unable to conclude that the information obtained establishes violations of the Statute. Plaintiff received said notice, Charge Number 440-2025-09986 on or about Thursday, May 14, 2026. A copy of the right-to-sue letter is attached

hereto, along with the charge of discrimination, which are incorporated herein and attached as a group Exhibit A, as though fully set forth.

4. This suit has been timely filed within 90 days of Plaintiff's receipt of the right-to-sue letter.

## STATEMENT OF CLAIM

5. At any and all times relevant hereto, Plaintiff was, and still is a qualified individual entitled to the rights and protections afforded by the Civil Rights Act of 1964.

6. On or about March 03, 2014 Plaintiff, a female, began her employment with Defendant METRA. Beginning on or about June 01, 2025 and continuing until up to the present she was sexually harassed, retaliated against an discriminated by her relief Superintendent, Jeremy Wagner. Beginning on or about June 01, 2025 and on numerous occasions up to the present, she complained to METRA HR Department and to her supervisors and managers about the sexual harassment, discrimination and retaliatory actions of her Superintendent Jeremy Wagner, and no action was taken by Defendant METRA.

7. Beginning on or about June 01, 2025, when Plaintiff, a female, began to work under the supervision of Superintendent Jeremy Wagner, he treated Plaintiff differently and in a discriminatory, retaliatory, and harassing manner than similarly situated male co-workers. Plaintiff on multiple occasions brought this discriminatory, retaliatory and harassing treatment to the attention of Defendant METRA's management and HR department, without any corrective action being undertaken by Defendant.

8. The actions of the Defendant, by its employee, Superintendent Jeremy Wagner were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C.A. Section 2000(e) of Title VII of the Civil Rights Act of 1964.

9. The actions of the Defendant, by its employee, Superintendent Jeremy Wagner in intentionally engaging in and condoning sexual harassment against Plaintiff and discriminating and retaliating against the Plaintiff based upon her gender caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

10. On numerous occasions, while in the presence of Plaintiff's co-workers, including on, but not limited to August 21, 2025, September 17, 2025, March 19, 2026, March 20, 2026 and additional dates Plaintiff's Superintendent Jeremy Wagner verbally advised Plaintiff that he was present to harass her; that she could f-ck off and take an early quit if she did not like the way in which he treated her; followed her around the facility staring at her; snuck up behind her and stared, without saying anything, in an attempt to physically scare and intimidate her; and advise her co-workers to sabotage her work and work place in an attempt to prevent her from documenting and reporting Federal Safety and Environmental conditions in her workplace.

11. On numerous occasions, including the dates indicated in paragraph ten above and other occasions, while in the workplace, Superintendent Jeremy Wagner walked up behind the Plaintiff without her knowledge and slowed or stopped his forward progress in an attempt to scare and intimidate the Plaintiff.

12. On numerous occasions after the Plaintiff reported the actions of Superintendent Jeremy Wagner to management and METRA HR, Wagner retaliated against the Plaintiff by eliminating her jobs, changing her job assignment and hours, directing her co-workers to sabotage her work environment, and increase his harassment, discriminatory actions against the Plaintiff.

13. At no time while performing her job duties for Defendant METRA did Plaintiff witness her Superintendent Jeremy Wagner treat her male, coworkers in the ways in which he treated her.

14. At any and all times relevant hereto, Plaintiff was and still is a qualified individual entitled to the rights and protections afforded by the Civil Rights Act of 1964 and has a viable cause of action for employment discrimination due to her gender, female. Additionally, Defendant METRA subjected her to ongoing and pervasive sexual harassment in the course of her employment with the Defendant, in violation of her rights provided by and protected by Title VII (42 USC §§ 2000e to 2000e-17).

15. As a result of the ongoing physical and sexual harassment, retaliation and intimidation in the Plaintiff's workplace, Plaintiff, in addition to suffering mental injury, emotional trauma, harassment and intimidation, she has been forced to change her work shifts; change her work assignments; and change her work habits, all in an attempt to avoid contact with Superintendent Jeremy Wagner resulting in lost income and benefits.

## COUNT I

### 42 U.S.C. Section 1983 Violation of Equal Protection

16. As against Defendant METRA, Plaintiff restates and realleges by reference paragraphs 1 through 15 above as though fully set forth herein.

17. Defendant intentionally subjected the Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of the Plaintiff's employment.

18. Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of the

Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from such conditions.

19. The actions of Defendant against Plaintiff violate her equal protection right to be free from sexual harassment, retaliation, and gender discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

20. Defendant METRA failed to provide proper training to its Superintendent Jeremy Wagner, to prevent sexual harassment and discrimination. Defendant's failure to train was deliberately indifferent to the rights of employees within its purview.

21. The actions of the Defendant were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. Section 1983.

22. The actions of Defendant in intentionally engaging in and condoning sexual harassment against Plaintiff and discriminating against Plaintiff based upon her gender caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the Discrimination, including pre-judgment interest;

B. Compensatory damages in an amount to be determined at Trial;

C. Defendant be required to pay pre-judgment interest on these Damages;

D. A permanent injunction enjoining the Defendant from engaging in The discriminatory, harassing and retaliatory practices complained of herein;

E. A permanent injunction requiring the Defendant adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. Section 1983;

F. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. Punitive damages as allowed by law against individual Defendant;

H. An award of reasonable attorneys' fees, costs, and litigation expenses; and

I. Such other relief as the Court may deem just or equitable.

**COUNT II**

**Title VII, 42 U.S.C. Sec 2000(e) *et seq.*-Sexual Discrimination and Harassment Claim**

23. As against all Defendant, Plaintiff restates and realleges by reference paragraphs 1 through 22 above as though fully set forth herein.

24. At all times relevant hereto, Defendant through Superintendent Jeremy Wagner acted as an employee, supervisor and final policymaker for the Defendant, METRA.

25. As described above, Superintendent Jeremy Wagner's conduct toward Plaintiff was unwelcome and occurred because of Plaintiff's gender.

26. Superintendent Jeremy Wagner' conduct constituted a continuing course of discrimination toward the Plaintiff.

27. Superintendent Jeremy Wagner, and Defendant METRA committed an unlawful employment practice by treating Plaintiff differently because of her sex and caused a change in the conditions of her employment subjecting her to a hostile work environment.

28. Defendants, METRA has therefore denied Plaintiff her rights under the Civil Rights Act of 1964.

29. Plaintiff has suffered damages as a direct result of her rights being violated, and they will be proven at Trial.

**WHEREFORE,** Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the Discrimination, including pre-judgment interest;

B. Compensatory damages in an amount to be determined at Trial;

C. Defendant be required to pay pre-judgment interest on these Damages;

D. A permanent injunction enjoining the Defendant from engaging in The discriminatory practices complained of herein;

E. A permanent injunction requiring the Defendant adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. Section 1983;

F. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. Punitive damages as allowed by law against individual Defendant;

H. An award of reasonable attorneys' fees, costs, and litigation expenses; and

I. Such other relief as the Court may deem just or equitable.

## COUNT III
## Hostile Work Environment

30. As against Defendant METRA, Plaintiff restates and realleges by reference paragraphs 1 through 29 above as though fully set forth herein.

31. The Defendants, METRA, by its employee Superintendent Jeremy Wagner engaged in mental assault, sexual assault, retaliation, harassment, and intimidation toward Plaintiff maliciously and with reckless indifference to her rights.

32. Plaintiff, at no time encouraged, welcomed, initiated, or participated in any of the acts of mental assault, sexual harassment and/or intimidation committed against her by Defendant's employee, Superintendent Jeremy Wagner.

33. Defendant METRA, through its employee, Superintendent Jeremy Wagner created a hostile work environment for Plaintiff by ignoring her reports; by failing to enforce its "Zero Tolerance" policy; by failing to take proper and appropriate action against its employee Superintendent Jeremy Wagner when it had actual notice of the employee's illegal activities.

34. Plaintiff, Katie Cunningham has suffered and will continue to suffer in the future irreparable injury caused by Defendant METRA and its employee's illegal conduct.

35. As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of the unlawful physical assault; sexual assault; battery; extreme emotional distress; mental anguish; loss of career opportunities; damage to her reputation and professional development; and other compensable losses and damages.

**WHEREFORE,** Plaintiff Katie Cunningham respectfully request that this Court;

A. Declare the acts complained of herein to be a violation of applicable law;

B. Enter an Order enjoining and permanently restraining these violations;

C. That Defendant METRA be ordered to compensate, reimburse, and make Plaintiff whole for any benefits Plaintiff would have received had it not been for Defendant METRA'S illegal actions;

D. Enter an Order that Defendant METRA pay an award to compensate Plaintiff for her pain and suffering; her humiliation; aguish; embarrassment; and other compensable damages caused by the Defendants, METRA unlawful treatment in an amount to be determined by the jury at the Trial of this matter, but in excess of $75,000.00;

E. Plaintiff, Katie Cunningham prays for an award of punitive damages in an amount to be determined by the jury in this matter; a sum which is appropriate pursuant to Defendant METRA'S illegal acts, to punish the Defendant METRA for the willful and malicious conduct necessary to deter Defendant METRA from engaging in such misconduct in the future;

F. Plaintiff prays this Court award her costs and expenses of this suit and award Plaintiff reasonable attorney's fees if the Court deems appropriate; and

G. That this Court grant such additional further and equitable relief as it deems just and proper.

## COUNT IV
## Intentional Infliction of Emotional Distress

36. As against Defendant METRA, Plaintiff restates and realleges by reference paragraphs 1 through 36 above as though fully set forth herein.

37. Defendant METRA failed to properly protect the safety, both physical and emotional, of Plaintiff ; it failed to protect the safety, both physical and emotional of Plaintiff after it had actual and constructive notice of the illegal acts of its employee, Superintendent Jeremy Wagner; and it allowed the illegal actions of its employee, Superintendent Jeremy Wagner to continue.

38. Defendant METRA was and is in a position to severely harm the reputation of the Plaintiff and it had and continues to have the ability to control the extent of harm suffered by the Plaintiff.

39. Defendant METRA'S employee, acting within the scope of Defendant METRA'S authority, engaged in conduct that was and continues to be extreme and outrageous. Defendant METRA'S employee Superintendent Jeremy Wagner intended to inflict severe emotional distress on Plaintiff or knew that there was a high probability that the conduct of Superintendent Jeremy Wagner would do so, and Defendant METRA'S conduct has caused plaintiff severe emotional distress.

40. The conduct of Defendant METRA'S employee Superintendent Jeremy Wagner was willful, wanton, and malicious.

41. Superintendent Jeremy Wagner was acting at all times in the capacity of and with the authority of Defendant METRA. The conduct of Superintendent Jeremy Wagner was

performed at all times within the time and location of his employment with Defendant METRA. Defendant METRA is liable for Superintendent Jeremy Wagner's conduct based on Respondent Superior.

42. As a direct and proximate cause of Defendant METRA'S actions, and inactions, Plaintiff Katie Cunningham has suffered and continues to suffer damages including but not limited to pain and suffering; damage to Plaintiff's reputation; emotional distress; anguish; humiliation, and embarrassment.

**WHEREFORE**, Plaintiff, Katie Cunningham requests that this Court afford the following relief:

A. Compensatory and other damages for the injuries she has suffered and will continue to suffer from in an amount in excess of $100,000.00, to be determined at Trial;

B. Punitive damages in an amount to be determined by the jury in this matter, to punish Defendant METRA for the willful and malicious conduct necessary to deter Defendant from engaging in such misconduct in the future;

C. Any such other relief as determined to be just and proper.

**COUNT V**
**42 U.S.C. Sec. 1983 Equal Protection Claim**

43. As against Defendant METRA, Plaintiff restates and realleges by reference paragraphs 1 through 42 above as though fully set forth herein.

44. Plaintiff is a female and is a member of a protected class.

45. Defendant METRA, through the actions of Superintendent Jeremy Wagner has treated Plaintiff differently than other similarly situated individuals without any legitimate governmental purpose for doing so.

46. Defendant METRA'S actions with respect to Plaintiff were motivated, at least in part by a discriminatory purpose, in violation of Plaintiff's constitutional rights to Equal Protection under the law and her right to bodily integrity.

47. As a direct and proximate result of this equal protection violation, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE,** Plaintiff, KATIE CUNNINGHAM respectfully requests that this Court enter judgment in her favor and against Defendant METRA, awarding compensatory damages, court costs, and attorney's fees, as well as punitive damages against the Defendant METRA, and any other relief this Court deems just and appropriate.

Respectfully submitted,

KATIE CUNNINGHAM

By: s/James T. Foley
Attorney for Plaintiff

James T. Foley
Foley Law Group, LLC.
580 Oakmont Lane
Westmont, IL 60559
(630) 908-3508
jfoley@foleylawgroup.com

James A. Ebert
James A. Ebert, LLC.
1720 Mars Hills Road
Suite 120-118
Acworth, GA. 30101
(404) 872-7759

# EXHIBIT

# A

EEOC No. 440-2025-09986 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

**CHARGE PRESENTED TO:**
EEOC
Illinois Department Of Human Rights

**AGENCY CHARGE NO.**
440-2025-09986

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ms. Katie L. Cunningham

Phone No.: 708-408-9057
Year of Birth: 1986
Mailing Address: 2828 Eder St
HIGHLAND, IN 46322

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD
No. Employees, Members: 201 - 500 Employees
Phone No.: (312) 834-8096
Mailing Address: 547 W JACKSON BLVD STE 1
CHICAGO, IL 60661, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 06/01/2025
Latest: 04/21/2026

THE PARTICULARS ARE:

I began my employment with Respondent on or around March 3, 2014. My most recent position is Machinist. During my employment, my assignment and/or job duties were changed, and I was subjected to harassment. I made a discrimination complaint to Respondent.

I believe that I have been discriminated against because of my sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

## CP Enclosure with EEOC Form 5 (06/24)

### Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website:

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/13/2026

**To:** Ms. Katie L. Cunningham
2828 Eder St
HIGHLAND, IN 46322
Charge No: 440-2025-09986

EEOC Representative and email: CELESTE COHILL
EQUAL OPPORTUNITY INVESTIGATOR
CELESTE.COHILL@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2025-09986.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
05/13/2026

Amrith Kaur Aakre
District Director

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal.** You should **keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to .

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at (this is the preferred method). You may also submit a